**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                                                            Case No. 3:02-cr-115-J-32JBT

ROBERT MILLS

**O R D E R**

This is the Court's first occasion to consider a motion for compassionate release under the new First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). This case is before the Court on Defendant Robert Mills's Motion to Request Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, and supporting memorandum of law. (Docs. 447, 448). The Government responded in opposition, (Doc. 452), and Mills replied, (Doc. 455). Upon review, the Court requested Mills to provide documentation that he had exhausted his administrative remedies as contemplated by the First Step Act. (Doc. 456). Mills responded to the Court's request, stating that previously exhaustion was not required and that any such effort would be futile. (Doc. 457).

In very limited circumstances, courts are permitted to modify a prisoner's sentence. One such circumstance is compassionate release, which allows a court to modify a term of imprisonment for, among other things, extraordinary and

compelling reasons. 18 U.S.C. § 3582(c)(1)(A). However, certain prerequisites must be met. Id. Under the prior version of § 3582(c)(1)(A), a court could only grant compassionate release upon a motion by the Director of the Bureau of Prisons. 18 U.S.C.A. § 3582(c)(1)(A) (2017). However, this prerequisite for compassionate release was recently amended by the First Step Act. Pub. L. No. 115-391, 132 Stat. 5194 (2018). Now, in addition to a motion by the Director of the Bureau of Prisons, a court can grant compassionate release on a motion from the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Thus, a defendant can only file a motion for compassionate release in two situations: (a) after fully exhausting his administrative rights to appeal; or (2) if the warden fails to timely act.

Here, Mills has failed to satisfy the prerequisites for judicial review of his motion for compassionate release. Before enactment of the First Step Act, Mills filed a request for compassionate release with the warden of his facility. (Doc. 448-1). The warden denied Mills's request, and Mills did not administratively appeal that decision. (Docs. 448-1; 457). Nonetheless, Mills argues that his motion should be considered by the Court because the exhaustion requirement did not exist when he made his initial request, and that appealing the warden's

decision would have been futile because the BOP rarely supports requests for compassionate release. (Doc. 457).

Although the First Step Act expands compassionate release by allowing defendants to file motions with the court if the BOP refuses to do so, it still allows the BOP the first opportunity to review the request. To take advantage of the First Step Act's compassionate release provision, Mills must file a new request for compassionate release with the warden of his facility and follow the procedures to exhaust his right of administrative review. If the BOP either makes a final administrative decision denying his request or the warden fails to timely respond, Mills may renew his motion with the Court, which will promptly adjudicate it.

Accordingly, it is hereby

**ORDERED:**

1. Mills's Motion to Request Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, and supporting memorandum of law, (Docs. 447, 448), are **DENIED without prejudice**.

2. The Bureau of Prisons shall review Mills's new request in accordance with this Court's April 16, 2018 Order (Doc. 446).[1]

---

[1] The Court's April 16, 2018 Order (Doc. 446, Attached), previously determined that Mills had served the requisite seventy-five percent of his aggregated sentence, making him eligible for compassionate release consideration.

**DONE AND ORDERED** in Jacksonville, Florida this 23rd day of January, 2019.

_____
TIMOTHY J. CORRIGAN
United States District Judge

jb
Attachments:

April 16, 2018 Order (Doc. 446)

Copies:

Frank Merrill Talbot, II, AUSA
Robert Mills, Defendant
U.S. Probation

Warden, United States Penitentiary
2400 Robert F. Miller Drive
P.O. Box 1000
Lewisburg, PA 17837