**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.　　　　　　　　　　　　　　　　　　Case No. 3:02-cr-115-J-32JBT

ROBERT MILLS

---

# **O R D E R**

This case is before the Court on Defendant Robert Mills's Renewed Motion for Compassionate Release. (Doc. 461). The Government responded in opposition. (Doc. 463). In its response, the Government incorporated its prior response, (Doc. 452), which argues that Mills's situation does not satisfy the requirements for compassionate release. However, it also raised a new jurisdictional issue. Given this argument, the Court allowed Mills to file a reply to address the jurisdictional argument. (Doc. 464). Mills filed a reply, (Doc. 466-2), two supplements, (Docs. 467 & 468), an addendum, (Doc. 470), a Motion to Transfer his Probation to the District of New Jersey, (Doc. 469), and a Motion for Clarification, (Doc. 471).[1] Before reaching the merits of Mills's request for compassionate release, the Court must determine if it has jurisdiction to do so.

---

[1] Due to Mills's pro se status, Mills mailed his initial reply prior to receiving the Court's Order allowing a reply and stating that it had concerns regarding jurisdiction. Mills's two supplements directly address the Government's new jurisdictional argument.

In 2003, this Court sentenced Mills to 240 months of imprisonment for conspiracy and attempting to possess with intent to distribute more than five kilograms of cocaine—the mandatory sentence at the time. (Docs. 149; 225; 447). At the time he committed those offenses, Mills was on supervised release for a prior conviction out of the District of New Jersey. United States v. Robert Mills, Case No. 2:94-cr-280-JWB-1 (D.N.J.). After beginning his sentence imposed by this Court, the district judge in New Jersey revoked Mills's supervised release, and sentenced him to thirty months imprisonment—fifteen months to run concurrently with this Court's 240-month sentence and 15 months to run consecutively. (Doc. 445-1 at 4).

In March 2018, Mills attempted to file for compassionate release pursuant to BOP Program Statement 5050.49, which allowed prisoners who are 65 or older and have served the greater of 10 years or 75% of their sentences to petition BOP to file a motion for compassionate release on their behalf. Mills was informed that he was ineligible because he had only served 19.1% of his District of New Jersey sentence. (Doc. 445 at 2). Although BOP has unreviewable discretion in refusing to file a motion on behalf of a prisoner, see Orlansky v. FCI Miami Warden, 754 F. App'x 862, 865–66 (11th Cir. 2018), Mills filed a motion requesting clarification of his sentence, and the Court entered an order stating that 18 U.S.C. § 3584(c) requires BOP to aggregate sentences for administrative purposes, see United States v. Llewlyn, 879 F.3d

1291, 1295 (11th Cir. 2018); (Docs. 445, 446). Mills again petitioned for compassionate release, and BOP, despite this Court's order explaining that the law required it to aggregate Mills's sentences, (Doc. 446), denied Mills's request for the same reasons, (Doc. 448-1 at 2–3).

On December 18, 2018—three days before the passage of the First Step Act—Mills filed a motion for compassionate release with this Court. (Doc. 447). Prior to enactment of the First Step Act, the only way a federal prisoner could receive compassionate release was if the Director of BOP filed a motion on the prisoner's behalf. See 18 U.S.C. § 3582(c)(1)(a) (2012). But the First Step Act, signed into law on December 21, 2018, gave Mills a second chance; it allows prisoners to file a motion for compassionate release directly with the court after exhausting the BOP's administrative remedies process. First Step Act of 2018, Pub. L. No. 115-05, 132 Stat. 015 (2018); 18 U.S.C.A. § 3582(c)(1)(a) (2019). However, Mills had not exhausted his administrative remedies, so on January 23, 2019, the court directed that he do so before it could rule on his motion. (Doc. 458).

On January 24, 2019, Mills filed a new petition for compassionate release with the Warden of his institution. (Doc. 461-1 at 2). On February 4, 2019, the Warden denied Mills's request, again incorrectly citing that Mills had only served a small percentage of his District of New Jersey sentence. Id. at 7–8. Mills then filed two requests for the Warden to verify that his decision was a

3

final determination by the institution. The Warden responded to both requests, stating that the prior denial was a final institution determination. Id. at 9–12. On March 14, 2019, Mills appealed to the regional office, Id. at 13, which was denied on April 17, 2019, (Doc. 465 at 2). In denying the request, the Regional Office noted that Mills had only served twenty-three percent of his District of New Jersey sentence, and stated that he had a projected release date from this Court's sentence of October 12, 2019 (taking into account good conduct time). (Doc. 465 at 2). Mills then took the final step to exhaust the administrative remedy process: appealing to the general counsel. (Doc. 461-1 at 14).

Mills's final appeal is dated April 27, 2019, and has a faded "Received" stamp dated May 6, 2019. Id. The general counsel denied Mills's appeal on July 8, 2019—the last possible day it could do so. See 28 C.F.R. § 542.18 (2019); (Doc. 461-1 at 16). Importantly, the denial states that Mills "satisfied [his] 240-month term of imprisonment on June 8, 2019. However, [Mills] only served one year, one month, and twenty days . . . of [his] 30-month term of imprisonment . . . ." (Doc. 461-1 at 15). Further, the denial states: "In accordance with the First Step Act of 2018, you have an updated projected good conduct time release date of July 1, 2020." Id.

During the course of Mills's administrative appeal, BOP implemented the First Step Act's changes to the computation of good conduct time—thus, Mills's release date for this Court's sentence changed from a projection of October 12,

4

2019 to being completed on June 8, 2019. See First Step Act of 2018, Pub. L. No. 115-05, § 102(b)(1) (2018). BOP, again, erred in determining Mills's eligibility under its own policies; this time in computing his good conduct time credit. The First Step Act changed how BOP was to compute good conduct time credit—changing the credit a prisoner could receive from 47 to 54 days a year. Id. However, the First Step Act states: "The amendments made by this subsection shall take effect beginning on the date that the Attorney General completes and releases the risk and needs assessment system . . . as added by section 101(a) of this Act." Id. § 102(b)(2). The risk and needs assessment system was not released until July 19, 2019—more than ten days after BOP changed Mills's release date and then denied his petition for compassionate release. See DEPT. OF JUSTICE, OFFICE OF THE ATT'Y GEN., THE FIRST STEP ACT OF 2018: RISK AND NEEDS ASSESSMENT SYSTEM (July 19, 2019).

On July 9, 2019, Mills notified the Court that he had exhausted his administrative remedies, (Doc. 460), and at the Court's direction, Mills filed a renewed motion for compassionate release on July 25, 2019, (Doc. 461).[2] The Government argues that because Mills has completed the sentence imposed by this Court and is serving his partially consecutive, partially concurrent

---

[2] Mills's renewed Motion for Compassionate Release was filed on July 29, 2019, but is dated July 25, 2019. The Court will use the earlier date because Mills is pro se and cannot benefit from electronic filing.

5

sentence out of the District of New Jersey, that this Court lacks the authority to rule on Mills's motion. (Doc. 463). Mills makes two arguments in rebuttal: (1) that the Court should consider its jurisdiction at the time Mills filed his first motion—December 18, 2018, (Doc. 468 at 2); and (2) because § 603 of the First Step Act amended both 18 U.S.C. § 3582(c) and 34 U.S.C. § 60541, the definition for "term of imprisonment" in 34 U.S.C. § 60541(g)—which was not modified by the First Step Act—should apply to 18 U.S.C. § 3582(c), (Docs. 466-2 at 2; 467).

Assuming, <u>arguendo</u>, the Court has jurisdiction to even consider the motion, the Court cannot grant compassionate release. There is no doubt that this Court's sentence has now expired and Mills is serving his District of New Jersey sentence. Thus, only the New Jersey court could order compassionate release at this time.

Accordingly, it is hereby

**ORDERED:**

1. Defendant Robert Mills's Motion for Compassionate Release (Docs. 460, 461) is **DENIED**.

2. The Court is informed that United States Probation has approved Mills's mother's house in New Jersey as his residence for his period of supervised release. Thus, Mills's motion to Transfer Probation to the District of New Jersey (Doc. 469) is **DENIED**. After his release, Mills can request through his probation officer that his supervised release be formally transferred to New

6

Jersey. The Court continues to recommend that Mills be placed a residential re-entry center as soon as possible.

3. Mills's Motion for Clarification (Doc. 471) is **GRANTED** to the extent that the Court has not ordered Mills to file another petition for compassionate release beyond those he has already filed. The motion is otherwise **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 17th day of September, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

jb
Copies:

United States District Court
District of New Jersey
Newark Division
Case No. 2:94-cr-280-JWB-1

Frank Merrill Talbot, II, AUSA
Robert Mills, Defendant
Bruce Culbert, Esq.
U.S. Probation
Bureau of Prisons

Warden
FCI Loretto
Federal Correctional Institution
P.O. Box 1000
Cresson, PA 16630